# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAEIL FARSHI,<br><br>                    Plaintiff,<br><br>    v.<br><br>JUDGE CHRISTINE K. GOLDSMITH, individually and in her official capacity as Justice of the Superior Court of San Diego County,<br><br>                    Defendant. | CASE NO. 11-CV-1473-MMA (CAB)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*;<br><br>[Doc. No. 2]<br><br>*SUA SPONTE* **DISMISSING COMPLAINT WITH PREJUDICE** |

     On July 5, 2011, Plaintiff Esmaeil Farshi, proceeding *pro se*, filed the instant action in federal court. [Doc. No. 1.] Plaintiff also submitted a motion for leave to proceed *in forma pauperis* ("IFP").

**I. Motion to Proceed *In Forma Pauperis***

     All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

     According to Plaintiff's declaration, he is currently unemployed, with no significant sources of income or assets. [Doc. No. 2.] The Court has reviewed Plaintiff's affidavit of assets

1  and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to
2  maintain this action.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP under
3  28 U.S.C. § 1915(a).

4  **II.  Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

5      When a court authorizes the commencement of an action by granting IFP status, the court
6  is also obligated to dismiss the case "at any time" upon making a determination that the action
7  "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see also*
8  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only
9  permits but *requires* a district to dismiss an in forma pauperis complaint that fails to state a claim."
10 (emphasis added)); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (finding that
11 the provisions of § 1915(e)(2)(B) "are not limited to prisoners").

12     Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights
13 as guaranteed under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.
14 [Doc. No. 1.]  According to Plaintiff, Defendant Christine K. Goldsmith, a judge of the San Diego
15 Superior Court, violated Plaintiff's rights when she granted his ex-wife the use, control, and
16 possession of certain real property in the course of proceedings held in family court.  [*Id.* at p.2.]
17 Plaintiff claims that Defendant "did not consider" certain evidence submitted regarding the
18 impending foreclosure on his house, resulting in deprivation of property under the Fifth and
19 Fourteenth Amendments.  [*Id.*]  In addition, Plaintiff claims that Defendant delayed his case in
20 court in violation of the Sixth Amendment, and restrained him from selling his property in
21 violation of the Fourth Amendment.  [*Id.*] Plaintiff requests injunctive and declaratory relief, as
22 well as reimbursement for the costs of litigation. [*Id.* at p.3.]

23     Defendant is shielded from Plaintiff's claims by the doctrine of judicial immunity.  It is a
24 well-established and generally recognized principle of law "that a judicial officer, in exercising the
25 authority vested in him, [should] be free to act upon his own convictions, without apprehension of
26 personal consequences to himself."  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting
27 *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).  As a result, "judges of courts of superior or general
28 jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged

Case 3:11-cv-01473-MMA-CAB Document 3 Filed 07/19/11 PageID.14 Page 3 of 3

to have been done maliciously or corruptly." *Id.* at 356 (quoting *Breadley*, 13 Wall. at 351).

The only relevant inquiry for determining whether a defendant judge is immune in any given instance "is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* Here, Defendant, as a judge in a court of general jurisdiction, was not acting outside of her authority in issuing an order regarding the distribution of assets between Plaintiff and his ex-wife. Therefore, Defendant is entitled to absolute immunity for any actions taken in her official capacity, and Plaintiff cannot state a valid claim against her under § 1983. *See Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

Accordingly, Plaintiff's Complaint is hereby **DISMISSED** with prejudice. The Clerk of the Court is ordered to close the file.

**IT IS SO ORDERED.**

DATED: July 19, 2011

Hon. Michael M. Anello
United States District Judge